**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 1 5 2009

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CELLCO PARTNERSHIP and
ALLTEL CORPORATION
d/b/a VERIZON WIRELESS                                          PLAINTIFF

VS                          CASE NO. 4:09-CV-928 JMM

LEWIS E. LANGSTON, III                                         DEFENDANT

<u>PROTECTIVE ORDER</u>

Upon agreement of the parties, and the Court being of the opinion that the relief hereinafter

provided is appropriate to protect the alleged confidentiality of certain documents and information

produced by the parties that contain allegedly confidential business information as described herein,

and to facilitate the litigation presently pending in this Court (the "Lawsuit"), IT IS HEREBY

ORDERED THAT:

1.      As used in this Order:

a.      The term "Party" shall mean any party to this action, including all of its officers,

directors, employees, consultants, retained experts, and outside counsel (and their

support staff).

b.      The term "Disclosure or Discovery Material" shall mean all items or information,

regardless of the medium or manner generated, stored or maintained (including,

among other things, testimony, transcripts or tangible things) that are produced or

generated in disclosures or responses to discovery in this matter.

c.      The terms "Confidential" Information or Material shall refer to any information or

discovery material, or any portion thereof, (regardless of how generated, stored or

maintained) that contains information that either party in good faith considers

1

Confidential Material as provided herein.

d.     "Highly Confidential - Attorneys' Eyes Only Material" shall refer to Confidential

Information or material that either party in good faith considers highly confidential

and which should be limited to disclosure to attorneys only.

e.     The term "Receiving Party" shall refer to a Party that receives Disclosure or

Discovery Material from a Producing Party.

f.     The term "Producing Party" shall refer to a Party or non-party that produces

Disclosure or Discovery Material in this matter.

g.     The term "Protected Material" shall refer to any Disclosure or Discovery Material

that is designated as Confidential Material or Highly Confidential—Attorneys' Eyes

Only Material.

2.     The Producing Party shall have the right to designate all or any portion or portions

of Disclosure or Discovery Material as Confidential Material or Highly Confidential—Attorneys'

Eyes Only material that it, in good faith, believes constitutes confidential business information and

/or trade secrets relating to its business or furnished to it in confidence by third parties, which

information is not generally known and which the Producing Party would normally not reveal to

third parties or, if disclosed, would cause such third parties to maintain in confidence.

3.     Except as otherwise provided in this Order, or as otherwise stipulated or ordered,

Disclosure or Discovery Material that qualifies for protection under this Order must be clearly

designated before the material is disclosed or produced, as follows:

a.     For information in documentary form (apart from transcripts of depositions

or other pretrial or trial proceedings), the Producing Party shall place or affix

thereon, in such manner that will not interfere with the legibility thereof, one

2

of the following legends: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY", or by notifying counsel for the Receiving Party in writing of their confidentiality with a clear description of the documents, written information, or designated portions.

b.     For information provided in deposition the Producing Party shall state orally on the record of the deposition that certain information or exhibits are Confidential or Highly Confidential—Attorneys' Eyes Only or shall send written notice of the specific pages and lines of the transcript or exhibits being designated as Confidential or Highly Confidential—Attorneys' Eyes Only within twenty (20) days of receipt of the transcript.

c.     For information produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container(s) in which the information or item is produced the appropriate legend.

4.     Except with the prior written consent of the Producing Party or upon prior Order of this Court, Disclosure or Discovery Material designated as Confidential or Highly Confidential—Attorneys' Eyes Only shall not be disclosed except as follows:

a.     Confidential Material may be disclosed to the Receiving Party;

b.     Confidential Material also may be disclosed to all potential witnesses in this matter and their attorneys (regardless of whether such potential witnesses actually testify or participate in any proceeding in this matter), provided that such persons are first given a copy of this Order and provided each such person executes the "Agreement to be Bound by Protective Order", a copy

3

of which is attached hereto as Exhibit 1 and made a part hereof, which states that such person has read this Order and understands that, pursuant to this Order, said person shall not use or divulge any Confidential material in violation of this Order.

c.      With regard to testimony adduced at hearings or trial, the parties intend to address that issue with the Court at the time of such hearing or trial.

d.      Except with the prior written consent of the Producing Party, no information designated Highly Confidential—Attorneys' Eyes Only may be disclosed to any person other than (i) the Receiving Party's outside counsel of record in this matter, as well as any employees of said counsel to whom it is reasonably necessary to disclose information for this litigation, and (ii) the Receiving Party's non-party experts to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to be Bound by Protective Order", attached hereto as Exhibit 1.

e.      Confidential material and Highly Confidential—Attorneys Eyes Only material may also be disclosed to the Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal.

f.      To persons who clearly generated or received the documents or information.

5.      It is the intention of the Parties and this Order that the following categories of information shall not be designated as Confidential material or Highly Confidential—Attorneys Eyes Only material:  (a) any information that at the time of its disclosure in this action is part of the public domain by reason of publication or otherwise; (b) any information that at the time of its

disclosure in this action is already rightfully in the possession of the Receiving Party under no obligations of confidence to any party or entity with respect to that information; or (c) any information to which the Receiving Party legally is entitled independent of this action. During the pendency of this action, any disputes as to whether information is confidential under the terms of this Order shall be resolved according to the procedure set forth in paragraph 6 below.

6.      In the event that a Receiving Party disagrees at any stage of this action with the Producing Party's designation of material as Confidential or Highly Confidential—Attorneys' Eyes Only, it shall provide to the Producing Party written notice of its disagreement with the designation. The Receiving Party challenging the designation shall first try to dispose of such dispute in good faith on an informal basis with the Producing Party. If the dispute cannot be resolved, the Receiving Party or the Producing Party defending the designation may request appropriate relief from the Court no sooner than five (5) days following the service of the written notice of disagreement. Until a determination by the Court, the information in issue shall be treated in accord with its designation as Confidential or Highly Confidential—Attorneys' Eyes Only, and subject to the terms of this Order.

7.      All Disclosure and Discovery Material designated Confidential or Highly Confidential—Attorneys' Eyes Only shall be used only for the prosecution or defense of this matter. No Party shall use or permit to be used any Confidential material or Highly Confidential—Attorneys' Eyes Only material for any business or commercial purpose whatsoever of such party or any other person, firm or corporation.

8.      If Confidential material or Highly Confidential—Attorneys' Eyes Only material is disclosed to any person not entitled to receive disclosure of such information under this Order, the Receiving Party responsible for the disclosure must immediately bring all pertinent facts relating

to such disclosure to the attention of counsel for the Producing Party and, without prejudice to other rights and remedies of any Party, make a reasonable good faith effort to retrieve such material and to prevent further disclosure by the Receiving Party or by the person who improperly received such information.

9.      The Clerk of the Court is requested to maintain under seal all documents, tangible objects, transcripts, and other materials filed with this Court in this action by any party which are, in whole or in part, specifically labeled as Confidential or Highly Confidential—Attorneys' Eyes Only material, including all pleadings, deposition, trial or hearing transcripts, exhibits, discovery responses or memoranda purporting to contain or paraphrase such information. The party filing such material shall file it with the Clerk of the Court in a sealed envelope or other appropriate sealed container prominently marked with the caption of the action and the notation:

<u>CONFIDENTIAL</u>

SUBJECT TO A PROTECTIVE ORDER ENTERED IN CASE NO. 4:09-CV-928 JMM.  This envelope is not to be opened, nor are the contents thereof to be displayed or revealed except:  (1) to the Court and then resealed, (2) by agreement of the parties, or (3) by prior Order of this Court.

A second copy of any pleading or paper specifically intended for review by the Court may be hand-delivered to the Court's chambers appropriately marked, in order to assure that the same is brought promptly to the Court's attention.

10.      If timely corrected, an inadvertent failure to designate qualified Disclosure or Discovery Material as Confidential or Highly Confidential—Attorneys' Eyes Only does not, standing alone, waive the Producing Party's right to secure protection under this Order for such material.  If material is designated as Confidential or Highly Confidential—Attorneys' Eyes Only after the material originally was produced, the Receiving Party, on timely notification of the

designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

11.    The inadvertent production by any party of documents subject to the attorney-client privilege, attorney work product protection or other established legal protection ("Privileged Documents") shall not constitute a waiver of such privilege or protection notwithstanding any law to the contrary.  Upon request, the party receiving Privileged Documents shall return to the party producing Privileged Documents, within two (2) business days, all copies of such documents and all other documents that incorporated information from the inadvertently produced documents.

12.    Nothing in this Order shall limit the right of any Party to seek additional protection for Confidential or Highly Confidential—Attorneys' Eyes Only material.

13.    Nothing in this Order shall impose any restriction on the use or disclosure by a party of its own documents or information, including the deposition testimony of its employees or experts.

14.    This Order shall remain in full force and effect until modified, superseded, or terminated on the record by an order of the Court. The obligations under the terms of this Protective Order will survive beyond the termination of this lawsuit.  Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Disclosure or Discovery Material designated Confidential or Highly Confidential—Attorneys' Eyes Only to the Producing Party or destroy such records and provide a certification that the records have been destroyed..  Notwithstanding this provision, counsel of record are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain material so designated.  All such archival copies remain subject to the protections of this Order.

SO ORDERED this _____ 14 _____ day of December 2009.

7

UNITED STATES DISTRICT JUDGE

Dec 14, 2009

DATE

APPROVED AS TO FORM:

John W. "Jack" Fink, Bar No. 82063
James, Fink & House, P.A.
801 West Third Street
P. O. Box 3585
Little Rock, AR 72203-3585
(501) 372-6555 - Telephone
(501) 372-6333 - Facsimile

Philip E. Kaplan, Bar No. 68026
Joann C. Maxey, Bar No. 83117
Bonnie J. Johnson Bar No. 2005165
Williams & Anderson, PLC
111 Center Street, 22nd Floor
Little Rock, Arkansas 72201
(501) 372-0800 - Telephone

8

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that was issued by the

United States District Court for the Eastern District of Arkansas on _____ [date] in the

case of Cellco Partnership and Alltel Corporation d/b/a/ Verizon Wireless v. Lewis E. Langston, III,

No. 4:09-CV-928 JMM.  I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                       [printed name]

Signature:_____
                       [signature]

9